(Slip Opinion)

# Protective Assertion of Executive Privilege Over Unredacted Mueller Report and Related Investigative Files

The President may make a preliminary, protective assertion of executive privilege over the entirety of the materials subpoenaed by the Committee on the Judiciary of the House of Representatives relating to Special Counsel Mueller's investigation, to ensure the President's ability to make a final assertion, if necessary, over some or all of the subpoenaed material.

May 8, 2019

THE PRESIDENT
    THE WHITE HOUSE

Dear Mr. President:

I am writing to request that you make a protective assertion of executive privilege with respect to Department of Justice documents recently subpoenaed by the Committee on the Judiciary of the House of Representatives. In cases like this where a committee has declined to grant sufficient time to conduct a full review, the President may make a protective assertion of privilege to protect the interests of the Executive Branch pending a final determination about whether to assert privilege. *See Protective Assertion of Executive Privilege Regarding White House Counsel's Office Documents*, 20 Op. O.L.C. 1 (1996) (Reno, Att'y Gen.). The Committee has demanded that I produce the "complete and unredacted version" of the report submitted to me on March 22, 2019 by Special Counsel Robert S. Mueller, III, regarding his investigation of Russian interference in the 2016 presidential election. The Committee also seeks "[a]ll documents referenced in the Report" and "[a]ll documents obtained and investigative materials created by the Special Counsel's Office." The Committee therefore demands all of the Special Counsel's investigative files, which consist of millions of pages of classified and unclassified documents bearing upon more than two dozen criminal cases and investigations, many of which are ongoing. These materials include law enforcement information, information about sensitive intelligence sources and methods, and grand-jury information that the Department is prohibited from disclosing by law.

Consistent with paragraph 5 of President Reagan's 1982 memorandum about assertions of executive privilege, the Department requested that the

Chairman of the Committee hold the subpoena in abeyance and delay any vote recommending that the House of Representatives approve a resolution finding me in contempt of Congress for failing to comply with the subpoena, pending a final presidential decision on whether to invoke executive privilege. *See* Memorandum for the Heads of Executive Departments and Agencies, *Re: Procedures Governing Responses to Congressional Requests for Information* at 2 (Nov. 4, 1982). The Department made this request because, although the subpoenaed materials assuredly include categories of information within the scope of executive privilege, the Committee's abrupt resort to a contempt vote—notwithstanding ongoing negotiations about appropriate accommodations—has not allowed sufficient time for you to consider fully whether to make a conclusive assertion of executive privilege. The Chairman, however, has indicated that he intends to proceed with the markup session scheduled at 10:00 a.m. today on a resolution recommending a finding of contempt against me for failing to produce the requested materials.

In these circumstances, you may properly assert executive privilege with respect to the entirety of the Department of Justice materials that the Committee has demanded, pending a final decision on the matter. As with President Clinton's assertion in 1996, you would be making only a preliminary, protective assertion of executive privilege designed to ensure your ability to make a final assertion, if necessary, over some or all of the subpoenaed materials. *See Protective Assertion of Executive Privilege*, 20 Op. O.L.C. at 1. As the Attorney General and head of the Department of Justice, I hereby respectfully request that you do so.

WILLIAM P. BARR
*Attorney General*
